NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., formerly known as Ramada Franchise Systems, Inc., a Delaware Corporation, | |
| Plaintiff, | Hon. Harold A. Ackerman |
| v. | Civil Action No. 06-1776 (HAA) |
| ARPITA, INC., a Pennsylvania Corporation; and SANJIU PATEL, an individual, | **OPINION AND ORDER** |
| Defendants. | |

Lois H. Goodman, Esq.
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
*Attorneys for Plaintiff*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on the request of Plaintiff Ramada Worldwide Inc. ("RWI") for damages and attorneys' fees. In an Opinion and Order filed on January 4, 2007, this Court granted default judgment in favor of RWI. The Court awarded damages against Defendants Arpita, Inc. and Sanjiu Patel in the total amount of $247,933.92. However, this Court reserved decision on any awards for Lanham Act monetary damages and for reasonable attorneys' fees and costs, and ordered RWI to submit additional documentation within 30 days to support these items. RWI has timely submitted a supplemental Affidavit in support of its claim

for infringement damages pursuant to the Lanham Act. RWI has also submitted a request for attorneys' fees with supporting documentation, but it filed these papers on February 26, 2007, well over 30 days from the entry of the January 4, 2007 Opinion and Order.

*Analysis*

I.       **Lanham Act Damages**

RWI seeks damages for infringement under the Lanham Act based on Defendants' continued use of the RWI marks post-termination. The Lanham Act provides that the court "shall, unless the court finds extenuating circumstances, enter judgment for three times" profit or damages. 15 U.S.C. § 1117(b). RWI alleges that "[i]n the absence of discovery, RWI has no ability to ascertain the amount of Arpita's gross room revenue during the period of infringement." (Workman Aff. ¶ 5.) In its supplemental filing, RWI provides an "estimate" based on "Arpita's reported gross room revenue for the coordinate period of time during the two-year period preceding the termination of the license agreement," i.e. between January 1, 2001 and November 30, 2002. (*Id.* ¶ 6.) RWI estimates, based on calculations supported by documentary evidence, that Defendants would have paid Recurring Fees in the total amount of $40,638.00 for the period of infringement between December 11, 2002 and June 20, 2003. Treble damages based on this amount total $121,914.00.

After careful review, this Court accepts RWI's calculation as a reasonable and supported estimate of its damages. The Court finds no extenuating circumstances warranting the denial of treble damages. Therefore, the Court will award Lanham Act damages to RWI in the amount of $121,914.00.

## II.     Attorneys' Fees and Costs

The Lanham Act allows for recovery of reasonable attorneys' fees in "exceptional cases." 15 U.S.C. § 1117(a). The License Agreement in this matter also requires the non-prevailing party to pay reasonable attorneys' fees incurred by the prevailing party to enforce the Agreement. (Compl. Ex. A at § 17.4.) This Court, in its January 4, 2007 Opinion and Order, required RWI to submit additional documentation to support its fee request, as well as its claimed damages, within 30 days. McElroy, Deutsch, Mulvaney & Carpenter, LLP ("McElroy, Deutsch"), on behalf of RWI, timely filed papers regarding damages on January 31, 2007. However, McElroy, Deutsch did not submit documents supporting its application for attorneys' fees and costs until February 26, 2007, over three weeks after such papers were ordered to be filed.

Court staff contacted counsel for RWI on February 22, 2007, to inquire about the status of RWI's fee request. Counsel was told that the 30-day period for submitting documentation had expired, but that the Court would consider late filing if it considered the lateness justified. To that end, the Court requested that counsel submit a letter with its fee application explicitly explaining the late filing. In its February 26 submission, counsel provides no explanation whatsoever for its delay, but simply asks that the Court "permit RWI to submit documentation supporting the reasonableness of attorneys' fees." (Letter from Goodman to Court, February 26, 2007.) Counsel certainly knew of the 30-day deadline, as McElroy, Deutsch filed its damages papers in a timely fashion. The Court is troubled by McElroy, Deutsch's failure to proffer any justification for its untimely submission. However, because RWI is entitled to fees under the License Agreement, and because its fee request is unopposed, this Court will exercise its discretion to extend its 30-day deadline and will consider RWI's application.

3

Even though Defendants have not objected to RWI's requests, the Court has carefully reviewed all of Plaintiff's submissions. The Third Circuit has admonished district courts that "fee requests [must] be subjected to a thorough and searching analysis" with a line-by-line examination of the request to ensure that time expended by counsel was reasonable and not duplicative or excessive. *Evans*, 273 F.3d at 362.

McElroy, Deutsch requests $5,088.93 in attorneys' fees and costs. This Court has carefully reviewed, *in camera*, the itemized fees and costs submitted by McElroy, Deutsch and concludes that they are reasonable. Therefore, this Court will order Defendants to pay McElroy, Deutsch $5,088.93 in attorneys' fees and costs.

### *Conclusion and Order*

For the foregoing reasons, it is hereby ORDERED that this Court's judgment filed January 4, 2007 is hereby AMENDED. In addition to the relief set forth in this Court's January 4, 2007 Opinion and Order, it is hereby ORDERED that Plaintiff RWI has judgment against Defendants Arpita, Inc. and Sanjiu Patel in the amount of $121,914.00 for Lanham Act damages. Plaintiff RWI therefore has total judgment of $369,847.92 in damages against Defendants. It is hereby further ORDERED that Defendants pay McElroy, Deutsch $5,088.93 in attorneys' fees and costs for McElroy, Deutsch's representation of RWI in this matter.

Dated: April 11, 2007
Newark, New Jersey

s/Harold A. Ackerman
U.S.D.J.